# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DOROTHY BODDIE**                                                                    **PLAINTIFF**

v.                                                                    CIVIL NO. 1:17cv166-HSO-JCG

**OCWEN FEDERAL BANK FSB AND**
**WELLS FARGO BANK, MINNESOTA NA**                              **DEFENDANTS**

## ORDER DENYING PLAINTIFF'S
## MOTION [16] FOR RECONSIDERATION

BEFORE THE COURT is Plaintiff Dorothy Boddie's Motion [16] for Reconsideration of the Court's Memorandum Opinion and Order [14] Granting Defendants' Ocwen Federal Bank FSB and Wells Fargo Bank, Minnesota NA's Motion [8] to Dismiss. After consideration of the Motion, the record as a whole, and relevant legal authority, the Court finds that Plaintiff's Motion [16] for Reconsideration should be denied.

## I. BACKGROUND[1]

On May 31, 2017, Plaintiff Dorothy Boddie ("Plaintiff"), proceeding pro se, filed a Complaint [1] in this Court against Defendants Ocwen Federal Bank FSB and Wells Fargo Bank, Minnesota NA ("Defendants"), alleging that the Chancery Court of Harrison County, Mississippi, First Judicial District, Cause Number 03-2646-3, erred in upholding Defendants' foreclosure on her house and in

---

[1] The Court's Memorandum Opinion and Order [18] articulated the background facts and its analysis of the legal issues in this case. For the sake of brevity, the Court will not repeat those facts and findings but incorporates them by reference in this opinion. The Court will limit this Order to the facts and issues relevant to Plaintiff's present Motion [16].

subsequently ordering her eviction because the Chancellor failed to review Plaintiff's evidence and instead relied upon Defendants' hearsay evidence to reach an "unjust and biased [F]inal [J]udgment."  Compl. [1] at 1-2.  The Complaint asserted that Defendants "provided false and untrue information" in the Chancery Court litigation and "used predatory lending practices to pursue their legal tactics." *Id.*  Plaintiff sought "such relief as may be appropriate, which include[d] punitive damages and associated legal costs, the award of $100,000 (one hundred thousand dollars). One million dollars for punitive damages."  *Id.* at 2.

On August 7, 2017, Defendants filed a Motion [8] to Dismiss, urging the Court to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) based upon Plaintiff's failure to state a claim, the *Rooker-Feldman* doctrine, and the doctrine of res judicata.  Plaintiff did not respond to Defendants' Motion.

On January 10, 2018, the Court entered a Memorandum Opinion and Order [14] Granting Defendants' Motion [8] to Dismiss, along with a corresponding Final Judgment [15], and Plaintiff's Complaint was dismissed.  On May 9, 2018, Plaintiff filed the present Motion [16] for Reconsideration, which appears to argue that she is entitled to relief pursuant to Federal Rule of Civil Procedure 60(b).

## II. DISCUSSION

A. Legal Standard

"While a final judgment is normally just that, final, Rule 60(b) provides a mechanism by which parties can, in certain situations, obtain relief from a final judgment absent an order from an appellate court." *United States v. Fernandez*, 797 F.3d 315, 318 (5th Cir. 2015). This Rule provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b);
> (3) fraud(whether previously called intrinsic or extrinsic), misrepresentation or misconduct  by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based upon an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)'s "six categories of relief are 'mutually exclusive' from one another, meaning that an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through the Rule's first five subsections." *Fernandez*, 797 F.3d at 319. "The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of

the court's conscience that justice be done in light of all the facts." *Id*. at 318 (quotation omitted).

B.  Analysis

Plaintiff has not established that reconsideration of the Court's Final Judgment [14] is warranted. To the extent Plaintiff's Motion [18] for Reconsideration can be construed as an attempt to seek relief from judgment under Rule 60(b), Plaintiff has not set forth factual allegations or argument sufficient to satisfy any relevant provision of Rule 60(b).

Plaintiff has not asserted any factual basis to merit relief under Rule 60(b)(1) on grounds of mistake, inadvertence, surprise, or excusable neglect, because she has not shown that the dismissal resulted from justifiable neglect and that a fair probability of success on the merits exists if the Court's judgment were to be set aside. *See Federal Sav. and Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988). The Court considered Defendant's Motion [8] to Dismiss on its merits and, after a thorough review of the record as a whole, determined that it should be granted in its entirety. Plaintiff's Motion simply provides a general restatement of the conclusory allegations in her Complaint and does not offer any argument that would be sufficient to rebut Defendants' properly supported Motion or change the outcome of this case.

Likewise, Plaintiff has not produced any newly discovered evidence which might bring the Motion within the purview of Rule 60(b)(2), because the evidence

4

she references was, or should have been, available to her at the time Defendants filed their Motion.[2] *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) ("Under Rule 60(b)(2), to succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.") (quotation omitted).

Rule 60(b)(3) affords Plaintiff no relief because she has not shown by clear and convincing evidence that Defendants engaged in misconduct that prevented Plaintiff from fully presenting her case. *Id.* at 641 (citing *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 772 (5th Cir. 1995) ("A party making a Rule 60(b)(3) motion must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.") (internal marks and citation omitted)). Nor has Plaintiff raised any assertions that would bring her Motion within the purview of either Rule 60(b)(4), in that the judgment is not void, or Rule 60(b)(5), in that the judgment has neither been satisfied nor is it

---

[2] Plaintiff did attach a March 22, 2018, letter from Gail Lowery, Special Assistant Attorney General for the Consumer Protection Division of the Mississippi Attorney General. However, this letter contains no new relevant facts. Mot. Recons. [16-1] at 4.

based upon a prior judgment that was reversed, vacated, or is otherwise inequitable.

Finally, Plaintiff's Motion does not present circumstances so extraordinary as to merit relief under Rule 60(b)(6). *Am. Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir. 1993). Rule 60(b)(6) motions will be granted "only if extraordinary circumstances are present." *Hesling*, 396 F.3d at 642 (quoting *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quotation omitted)). The Court considered Defendants' Motion [8] to Dismiss on its merits, after conducting a review of the record as a whole, and determined that the Motion should be granted because Plaintiff's claims were barred by the doctrine of res judicata. Order [14] at 5-9.

In the present Motion, Plaintiff offers only conclusory allegations that this Court did not adequately consider "the documents [she] submitted as they were never discussed in the dismissal," Mot. for Recons. [16] at 2, and that Defendants acted in "bad faith," Mot. for Recons. [16-2] at 2.

Plaintiff's conclusory allegation that the documents she submitted were not considered is not supported by the record. The Court's Order clearly provided that the Court reached its opinion only

> [a]fter consideration of the Motion on its merits, the related pleadings, the record as a whole, and relevant legal authority . . . .

Order [14] at 1. Likewise, since Plaintiff advanced a claim for bad faith in her Complaint [1] by seeking "One Million Dollars for punitive damages," this claim was considered by the Court in reaching its opinion.

III. CONCLUSION

For the foregoing reasons, Plaintiff Dorothy Boddie's Motion [16] for Reconsideration is not well taken and should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Dorothy Boddie's Motion [16] for Reconsideration is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 15th day of May, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE